UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAVINGS BANK,<br><br>    Plaintiff(s),<br><br>    v.<br><br>THE VESSEL IMAGINE, et al.<br><br>    Defendant(s).<br>_____/ | No. C-13-02499 DMR<br><br>**REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION RE (1) ISSUANCE OF WARRANT FOR ARREST OF VESSEL AND (2) ORDER FOR APPOINTMENT OF SUBSTITUTE COUNSEL** |

Before the court are motions by Plaintiff Sterling Savings Bank ("Plaintiff") requesting issuance of a warrant for the arrest of a vessel [Docket No. 3], and appointment of substitute custodian [Docket No. 4]. The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court requests that this case be reassigned to a District Judge, and issues this Report and Recommendation, with a recommendation that the motion for the arrest warrant and the request for appointment of substitute custodian be granted.

### I. BACKGROUND

Defendants Lai and Wai P. Cheung (the "Cheungs") are owners of a houseboat called Imagine (the "Vessel") docked in Contra Costa County. Complaint [Docket No. 1] at ¶¶ 3-4. In October 2011, the Cheungs executed and delivered to Plaintiff a Promissory Note in the amount of $555,257.00. *Id.* at ¶ 6. The Promissory Note is secured by a Consumer Security Agreement in

favor of Plaintiff, which gives Plaintiff a security interest in the Vessel. *Id.* at ¶ 8. Also in October 2011, the Cheungs executed a First Preferred Mortgage pursuant to 46 U.S.C. § 31301 *et seq.* in favor of Plaintiff. The Cheungs allegedly have defaulted under the terms of the Promissory Note, Consumer Security Agreement, and First Preferred Mortgage by, among other things, failing and refusing to pay the full amount of the monthly principal and interest installments due and owing on the Promissory Note since April 2012. *Id.* at ¶ 14. On June 4, 2013, Plaintiff filed this Complaint, which asserts two causes of action: foreclosure *in rem* pursuant to 46 U.S.C. § 31325(b)(1) against the Vessel, and default *in personam* pursuant to 46 U.S.C. § 31325(b)(2)(A) against the Cheungs. As of the date of the Complaint, Plaintiff alleges it is owed $613,044.88. *Id.* at ¶ 16.

## II. REQUEST FOR ISSUANCE OF ARREST WARRANT

Plaintiff requests that this court issue an order for arrest of the Vessel. Docket No. 3 at 3.

If a party requests the issuance of a warrant for the arrest of a vessel, the court "must review the complaint and any supporting papers. If the conditions for an *in rem* action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel." Fed. R. Civ. P. Supp C(3)(a)(i). "An action *in rem* may be brought: (a) to enforce any maritime lien; (b) whenever a statute of the United States provides for a maritime action *in rem* or a proceeding analogous thereto." Fed. R. Civ. P. Supp. C(1); *see also* 46 U.S.C.A. § 31325(b)(1) (authorizing the mortgagee of a preferred mortgage, on the mortgagor's default, to "enforce the preferred mortgage lien in a civil action *in rem* for a documented vessel"). "In an action *in rem* the complaint must: (a) be verified; (b) describe with reasonable particularity the property that is the subject of the action; and state the property is within the district or will be within the district while the action is pending." Fed. R. Civ. P. Supp. C(2)(c).

The conditions for issuance of a warrant pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure appear to exist. The Complaint is verified. It alleges a cause of action *in rem* to enforce a maritime lien. It states that "Plaintiff is informed and believes and thereon alleges that Defendant Imagine, Hull ID 1YD70139A910, at 2010 Destination 70' Yacht, Official Number 1222594 . . . is a custom houseboat located at Cruiser Haven Marina in Discovery Bay, California.

The defendant vessel, Imagine, is now or during the pendency of process hereunder will be within this district and within the jurisdiction of this Honorable Court." Docket No. 1 at ¶ 3.

Accordingly, the court recommends that the assigned District Judge instruct the Clerk to issue a warrant for the arrest of the vessel Imagine, and to deliver said warrant to the United States Marshal of this district for execution pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure.

### III. REQUEST FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Plaintiff requests that Nielsen Beaumont Marine, Inc. be appointed as substitute custodian for the Vessel. Admiralty and Maritime Local Rule 9-1(a) provides that "[w]hen a vessel . . . is brought into the marshal's custody by arrest or attachment, the marshal shall arrange for adequate safekeeping, which may include the placing of keepers on or near the vessel. A substitute custodian in place of the marshal may be appointed by order of the court." Plaintiff requests the appointment of a substitute custodian because it alleges that the U.S. Marshal does not have the resources to retain custody of the vehicle. Docket No. 4 at ¶ 3. Nielsen Beaumont would provide security, monitoring, and routine safekeeping services for $70 per day. *Id.* at ¶ 4. Nielsen Beaumont is located in San Diego and Long Beach, California, but it asserts that it can safely keep the Vessel where it is currently docked during the pendency of this lawsuit. *Id.* at 5 ¶¶ 1, 3.

The court recommends that the District Judge grant Plaintiff's request for the appointment of substitute custodian. However, the court recommends that the District Judge prohibit Nielsen Beaumont from moving the Vessel from this district during the pendency of this lawsuit. *See* Fed. R. Civ. P. Supp. C(2)(c) (requiring the complaint in an action *in rem* to state that "the property is within the district or will be within the district while the action is pending"); Docket No. 4 at ¶ 4 ("Nielsen Beaumont has also agreed to provide additional services as needed, possibly including . . . moving the boat to a different location.").

### IV. CONCLUSION

For the reasons stated above, the court recommends that Plaintiff's request for the issuance of a warrant for the arrest of the Vessel and Plaintiff's request for appointment of substitute custodian be GRANTED.

3

United States District Court
For the Northern District of California

The Clerk is directed to reassign this case to a District Judge. Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: June 12, 2013

DONNA M. RYU
United States Magistrate Judge