RICHARD W. ABBEY, Esq., State Bar 53039
MITCHELL B. GREENBERG, Esq., State Bar 114878
STEPHANIE WALKER, Esq., State Bar 252464
ABBEY, WEITZENBERG, WARREN & EMERY
100 Stony Point Road, Suite 200
Post Office Box 1566
Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050
Facsimile: (707) 542-2589

Attorneys for Plaintiff
STERLING SAVINGS BANK

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAVINGS BANK,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THE VESSEL IMAGINE and its engines, motors, equipment, appurtenances, etc., <u>in rem</u>, and its Owners LAI CHEUNG and WAI P. CHEUNG, <u>in personam</u>;<br><br>　　　　　　　Defendants. | Case No.: 3:13-cv-02499-RS<br><br><u>IN ADMIRALTY</u><br><br>STIPULATION & [PROPOSED] ORDER FOR INTERLOCUTORY SALE OF DEFENDANT VESSEL |

　　　　IT IS STIPULATED between Plaintiff, Sterling Savings Bank, f/k/a Sonoma National Bank ("Plaintiff"), and Defendants Lai Cheung and Wai P. Cheung ("Defendants") as follows:

　　　　WHEREAS the Parties agree that the Defendant Vessel, Imagine ("Defendant Vessel"), has deteriorated in value since its arrest, and is subject to further deterioration while it remains in custody,

　　　　WHEREAS the Parties agree that there is a typographical error in the U.S. Coast Guard Registration of the Defendant Vessel, which indicates that Defendant Vessel's hull identification number is 1YD70139A910. In fact, Defendant Vessel's correct hull identification number is, in actuality, IYD70139K809,

-1-

WHEREAS Defendants do not desire and have made no attempt to obtain release of the Defendant Vessel into their custody, nor have any third parties made or are likely to make any effort to secure the release of Defendant Vessel,

WHEREAS the costs of continued custody of the Defendant Vessel are excessive or disproportionate to the Defendant Vessel's value, and that accordingly the relief sought under Supplemental Admiralty Rule E(9)(b) is proper and justified, and therefore,

IT IS STIPULATED that the Parties request this Court to enter the following Order:

IT IS HEREBY ORDERED, that, consistent with Supplemental Admiralty Rule E(9)(b) and Local Admiralty Rule 9-2, the DEFENDANT VESSEL, hull identification number IYD70139K809, shall be sold by the United States Marshal and the proceeds distributed in the manner detailed in this Order.

IT IS FURTHER ORDERED that in an effort to maximize the value of the res and hence the potential for satisfaction of Plaintiff's maritime lien, Long Beach Yacht Sales, Inc. (6400 E. Marina Dr. #8, Long Beach, CA. 90803, phone number: 562-431-3393) shall be permitted, on the below terms and for a period of at least 45 days but not more than 90 days following the entry of this Order, to market the DEFENDANT VESSEL in advance of the U.S. Marshal auction of the DEFENDANT VESSEL, which auction shall occur pursuant to this Order no earlier than the first Friday following expiration of the 45-day period following entry of this Order, and no later than the first Friday following expiration of the 90-day period following entry of this Order. In the event such Friday falls on a national holiday, then the auction shall occur the following Friday; and

(1) Long Beach Yacht Sales, Inc. shall engage in marketing measures in a best faith attempt to generate as much interest by potential buyers as possible in the DEFENDANT VESSEL in advance of the U.S. Marshal auction;

(2) PLAINTIFF shall provide Long Beach Yacht Sales, Inc. with an advertising budget of no greater than $3,600.00 to cover the expected actual costs (without markup) of placing advertisements in printed and online media;

(3) Long Beach Yacht Sales, Inc. shall have showings aboard the DEFENDANT VESSEL on the day preceding the auction date;

(4) If at the U.S. Marshal auction PLAINTIFF determines that the highest other bid is unreasonably low and it therefore places a credit bid (assuming the Court authorizes PLAINTIFF to credit bid) and the credit bid becomes the highest and successful bid, then Long Beach Yacht Sales, Inc. shall not receive a commission, but otherwise it shall receive a commission out of the proceeds in an amount equal to three percent (3%) of the final auction selling price, with a minimum of $5,000.00.

IT IS FURTHER ORDERED that, during the 45- to 90-day period identified above, Long Beach Yacht Sales, Inc. shall be permitted to show the DEFENDANT VESSEL, where she lies in custody, to those who have expressed an interest in purchasing the vessel, provided that at all times when they are aboard a representative of the Substitute Custodian and Long Beach Yacht Sales, Inc. are also aboard; and

IT IS FURTHER ORDERED that during said 45- to 90-day period, in no event shall the DEFENDANT VESSEL leave the confines of Discovery Bay where it is currently arrested pursuant to the Warrant for Arrest issued by the Court on July 3, 2013; and

IT IS FURTHER ORDERED that the United States Marshal shall cause notice of the sale of the arrested DEFENDANT VESSEL to be published for at least six (6) days immediately before the date of the sale, pursuant to Local Admiralty Rule 9-2(a) and in accordance with 28 U.S.C. §§ 2001-2004; and

IT IS FURTHER ORDERED that, consistent with Local Admiralty Rule 9-2(b), such

public notice shall specify that the last and highest bidder at the sale will be required to deposit with the U.S. Marshal, a certified check or a cashier's check in the amount of $1,000.00, or ten percent (10%) of the bid, whichever amount is greater, and that the balance, if any, of the purchase price shall be paid by certified check or cashier's check before confirmation of the sale or within three (3) days of dismissal of any opposition to the sale which may have been filed, exclusive of Saturdays, Sundays, and legal holidays; and

IT IS FURTHER ORDERED that the net proceeds of the U.S. Marshal auction of the DEFENDANT VESSEL shall be substituted for the property in this civil forfeiture action and shall be deposited by the U.S. Marshal into a secure, interest-bearing escrow account pending further order of this Court;

IT IS FURTHER ORDERED that the sale of the DEFENDANT VESSEL by the United States Marshal shall "stand confirmed as of course, without the necessity of any affirmative action thereby a judge, except that no sale shall stand as confirmed until the buyer has complied fully with the terms of the purchase," as provided for by Local Admiralty Rule 9-2(c); and

IT IS FURTHER ORDERED that PLAINTIFF, having demonstrated that it maintains a secured preferred maritime mortgage lien interest in the DEFENDANT VESSEL pursuant to the Commercial Instruments and Federal Maritime Lien Act (46 U.S.C. § 31301, et seq.), which lien is senior to any other known liens, PLAINTIFF is entitled as the senior maritime lien claimant, pursuant to Local Admiralty Rule 9-2(b), to credit bid at the auction of the DEFENDANT VESSEL, without payment of cash.

IT IS FURTHER ORDERED that the Parties consent to a short sale of the DEFENDANT VESSEL as part of this Stipulation and Order at a dollar value lower than the outstanding balance of the Promissory Note.

IT IS SO STIPULATED.

STIPULATION & [PROPOSED] ORDER FOR INTERLOCUTORY SALE OF DEFENDANT VESSEL

Date: May 20, 2014                     By: _____
                                       Counsel for Plaintiff Sterling Savings Bank

Date: May 19, 2014                     By: _____
                                       Counsel for Defendants Lai Cheung and Wai
                                       P. Cheung

## [PROPOSED] ORDER

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

Dated: 5/20, 2014                      _____
                                       Judge, U.S. District Court

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile: (707) 542-2589

-5-

STIPULATION & [PROPOSED] ORDER FOR INTERLOCUTORY SALE OF DEFENDANT VESSEL